# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNIOR JUMPP,<br>    Plaintiff, | No. 3:19-cv-1723 (KAD) |
| v. | |
| THIBODEAU, et al.,<br>    Defendants. | |

## ORDER RE AMENDED COMPLAINT

**Preliminary Statement**

Plaintiff, Junior Jumpp ("Jumpp"), currently incarcerated at New Haven Correctional Center, filed this complaint *pro se* under 42 U.S.C. § 1983. On December 5, 2019, the Court entered an Initial Review Order permitting the case to proceed on claims for deliberate indifference to safety, deliberate indifference to medical needs, and retaliation. Doc. No. 6 at 14. Those claims all arose from a September 2019 assault and threats by correctional staff of additional future harm.

Jumpp filed an Amended Complaint seeking to add two new defendants. Although the Amended Complaint was received by the Court on December 4, 2019, it was not entered on the docket until December 6, 2019, the day after the Initial Review Order was issued. The Court reviews the Amended Complaint to determine whether the additional claims will proceed in this action.

**Additional Allegations**

On July 11, 2019, Jumpp was seen by Dentist Nancy J. Simonow and Dental Assistant Kim Fletchette for an on-going tooth issue, and for replacement of a filling that had fallen out a

few months earlier. Doc. No. 10 ¶ 21 They filled his tooth and told Jumpp that he should feel better when the medication wore off. *Id.* ¶ 22. The next day, Jumpp experienced severe dental pain that prevented him from eating or sleeping. *Id.* ¶ 23. He submitted a request to the dental unit to be re-checked. *Id.* ¶ 24. On July 17, 2019, he submitted a second request but still was not seen. *Id.* ¶ 25. On July 21, 2019, fearing an infection, Jumpp wrote specifically to defendant Fletchette. He still has not been seen. *Id.* ¶ 26.

**Discussion**

Federal Rule of Civil Procedure 20 permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted).

Jumpp seeks to add new defendants and a distinct claim in his Amended Complaint, a claim relating to dental treatment in July 2019. This claim is wholly unrelated to the claims contained in the originally filed Complaint. Accordingly, there are no questions of law or fact common to all claims and the claims and defendants are improperly joined in this action in violation of Rule 20.[2] *See Wilson v. McKenna*, No. 3:12-cv-1581(VLB), 2015 WL 1471908, at *6 (D. Conn. Mar. 31, 2015) (advising plaintiff that improperly joined claims must be pursued in separate actions).

The Court may sever and dismiss improperly joined claims. *See* Fed. R. Civ. P. 21 (permitting the court to drop a party or sever a claim where the parties have been misjoined). Here, the court dropd defendants Simonow and Frechette, severd the deliberate indifference to dental needs claims against defendants Simonow and Frechette and considers only the claims listed in the Initial Review Order going forward. If Jumpp wishes to pursue the severed claims, he must do so by filing a separate lawsuit.

**Orders**

Jumpp's claims for deliberate indifference to dental needs against defendants Simonow and Fletchette are severed from this action. Jumpp may pursue them in a separate case. The

---

[2] The court notes that Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner complaints pursuant to 28 U.S.C. § 1915A. As two commentators have noted:

> In the past, courts did not always pay much attention to this rule. However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain grounds.

John Boston & Daniel E. Manville, *Prisoners' Self-Help Litigation Manual* 348 (4th ed. 2010) (collecting cases).

Clerk is directed to terminate Dr. Simonow and Dental Assistant Frechette as defendants in this case.

This case will proceed only on the claims identified in the Initial Review Order, Doc. No. 6.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of December 2019.

/s/
Kari A. Dooley
United States District Judge