UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUNIOR JUMPP,                                    :
           Plaintiff,                     :
                                          :
           v.                             :          CASE NO. 3:19-cv-1723 (KAD)
                                          :
THIBODEAU, et al.,                               :
           Defendants.                    :

**MEMORANDUM OF DECISION**

Kari A. Dooley, United States District Judge

This civil rights action, brought by the plaintiff, Junior Jumpp ("Jumpp"), arises out of an incident that occurred on October 11, 2019 while the Plaintiff was a pretrial detainee at Corrigan Ragowski Correctional Institution ("Corrigan"). Following initial review, claims of deliberate indifference to safety and deliberate indifference to medical needs in violation of the Fourteenth Amendment against defendants, Thibodeau, Stadalnik, Hackett, Kelly, King, O'Leary, Corcella, Cotta, Cook, Jones, Lozada, and Griggs ("the Defendants") were permitted to proceed. The Defendants now seek summary judgment on all claims on the ground that Jumpp failed to exhaust his administrative remedies before commencing this action. For the following reasons, the motion is GRANTED.

**Standard of Review**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at

113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Which facts are material is determined by the substantive law.  *Anderson*, 477 U.S. at 248.  "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …." *Giordano v. Market Am., Inc*., 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (quotation marks and citation omitted).  To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment.  *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Facts Material to the Motion for Summary Judgment[1]**

---

[1] The facts are taken from the Defendants' Local Rule 56(a) Statement and supporting exhibits submitted by both parties. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party.  Each admission or

2

The claims in this action arise out of an incident that allegedly occurred on October 11, 2019, and "its aftermath."  Defs.' Local Rule 56(a)1 Statement, Doc. No. 45-6, ¶ 2.  Jumpp did not file any grievances relating to this incident.  *Id.* ¶ 3.  Jumpp also did not file any medical grievances regarding his medical treatment following the incident.  *Id.* ¶ 4.

**Discussion**

Jumpp brings a claim for deliberate indifference to safety against defendants Cook, Corcella, Thibodeau, King, O'Leary, Cotta, and Jones arising out of an alleged assault on October 11, 2019. He also brings claims for deliberate indifference to medical needs against defendant Lozada, for failing to treat his eye injury following the alleged assault; against defendant Kelly, for denying him his sleep apnea machine for four days, and against defendant Jones, for failing to summon medical assistance when Jumpp was experiencing a seizure. Finally Jumpp brings a retaliation claim against defendant Griggs.  With respect to all of these claims, the Defendants assert that Jumpp failed to exhaust his administrative remedies before commencing this action.

The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal lawsuit relating to prison conditions.  42 U.S.C. § 1997e(a) ("No action

---

denial must include a citation to an affidavit or other admissible evidence.  In addition, the opposing party must submit a list of disputed factual issues.  D. Conn. L. Civ. R. 56(a)2 and 56(a)3.

The Defendants informed Jumpp of this requirement.  *See* Notice to Self-Represented Litigant Concerning Motion for Summary Judgment, Doc. No. 45-7.  Although Jumpp states that he "incorporates by reference its local rule 56(a)(2) statement as if fully set forth therein," Pl.'s Obj. & Mem., Doc. No. 51 at 1, he did not include a Local Rule 56(a)2 Statement in his 46-page submission.  As Jumpp has not filed a Local Rule 56(a)2 Statement, the Defendants' facts are deemed admitted.  *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

The court considers the verified Amended Complaint as an affidavit for summary judgment purposes.  *See Curtis v. Cenlar* FSB, 654 F. App'x 17, 20 (2d Cir. 2016) ("Though we may treat [plaintiff's] verified complaint 'as an affidavit for summary judgment purposes,' the allegations contained therein can suffice to defeat summary judgment only insofar as they were made on personal knowledge.") (quoting *Conlon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes."  *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court.  *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out ... (so that the agency addresses the issues on the merits) ... [and] demands compliance with agency deadlines and other critical procedural rules").  An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable.  *See Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016).

Exhaustion of administrative remedies is an affirmative defense.  Thus, the defendants bear the burden of proof.  *See Jones v. Bock*, 549 U.S. 199, 16 (2007).  Once the defendants establish that administrative remedies were not exhausted before the inmate commenced the action, the plaintiff must establish that the administrative remedy procedures were not available to him under *Ross*.  *See id.*

At issue here, with respect to Jumpp's deliberate indifference to safety claims, are the administrative remedies for the State of Connecticut Department of Correction which are set forth in Administrative Directive 9.6.  *See* Defs.' Mem. Ex. A, Administrative Directive 9.6,

Inmate Administrative Remedies (revised August 15, 2013) at 4(A).  Also at issue in this case is Directive 8.9, *see id.* at.4(L), which governs grievances regarding medical treatment and decisions.

**Directive 8.9**

Under Directive 8.9, Medical issues are exhausted by filing a Health Services Review ("HSR").  *See* Administrative Directive 8.9, available at http://portal.ct.gov/DOC/AD/AD-Chapter-8.   There are two types of Health Services Reviews.  The first seeks review of an administrative issue, *i.e.*, a particular practice, procedure, administrative provision or policy, or it may allege improper conduct by a health services provider.  The second seeks review of a diagnosis or treatment, including a decision to provide no treatment.  *See id.* at 8.9(9).  Although Jumpp asserts three claims for deliberate indifference to medical needs, only one is asserted against medical personnel, specifically nurse Lozada.  And claims for improper conduct such as that alleged against Jones and Kelly, are cognizable under the first type of HSR only where the conduct complained of is that of a health services provider. As neither Jones nor Kelly are health service providers, the deliberate indifference to medical needs claims asserted against them must be exhausted utilizing the procedures outlined in Directive 9.6. Accordingly, the question of whether Jumpp has exhausted those claims will be discussed with the other claims covered by Directive 9.6.

Turning to the claim against defendant Lozada, Jumpp's claim falls within the second kind of HSR insofar as he alleges that defendant Lozada failed to treat his eye injury.

Under Directive 8.9, prior to filing an HSR, the inmate must seek an informal resolution of his claim by discussing the claim, face to face, with the appropriate staff member or by

5

submitting a written report to a supervisor.  Staff must respond to the inmate within fifteen days of the receipt of a written request.  *See id.* at 8.9(10).

An inmate filing an HSR arising out of a failure to provide treatment must designate the "Diagnosis/Treatment" box on the form and concisely explain the reason for his dissatisfaction. *See id*. at 8.9(11).  Upon receipt of the form, the HSR Coordinator schedules an HSR Appointment with an appropriate medical professional as soon as possible.  If the medical professional determines that the treatment was appropriate, the exhaustion process is concluded. *See id.* at 8.9(11)(A).

Here, the Defendants have submitted a copy of Jumpp's medical grievance history showing that he did not file any HSRs between May 20, 2019 and January 1, 2020.  Defs.' Mem. Ex. D, Doc. No. 47, at 5.  And although Jumpp filed several HSRs on January 1, 2020, none of them were designated as relating to either diagnosis or treatment.  *Id.*

In response, Jumpp argues that he was not required to exhaust his administrative remedies because he was on a six-month total grievance restriction at the time of the incident in October 2019.  The court addresses below Jumpp's assertion that he was on grievance restriction. However, even if established, such a restriction is irrelevant to his ability to file an HSR.

Although Directive 9.6 includes a provision whereby an inmate can be placed on grievance restriction for abusing the grievance procedures, Directive 8.9 contains no such provision.  In addition, the defendants have submitted evidence that Jumpp, in fact, filed several unrelated HSRs during the time he claims he was on grievance restriction.  As there was no impediment to Jumpp filing an HSR and he has provided no evidence contradicting the Defendants' evidence that he failed to do so, the Defendants' motion for summary judgment is

granted as to the deliberate indifference to medical needs claim against defendant Lozada.

**Directive 9.6**

Exhaustion of Jumpp's deliberate indifference to safety and retaliation claims and, as explained above, his deliberate indifference to medical needs claims asserted against custodial staff, is governed by Directive 9.6 which requires that each request for administrative remedy must be submitted on a separate form. *See id.* at 9.6(5)(E)(2). The request and action sought must be stated clearly and simply. *See id.* at 9.6(5)(E)(3).

Further, an inmate must first attempt to resolve the matter informally. He may attempt to verbally resolve the issue with an appropriate staff member or supervisor. *See id.* at 9.6(6)(A). If attempts to resolve the matter orally are not effective, the inmate must make a written attempt using a specific form and send that form to the appropriate staff member. *See id.* If an inmate does not receive a response to the written request within fifteen business days or the inmate is not satisfied with the response to his request, an inmate may file a Level 1 grievance. *See id.* at 9.6(6)(C).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. *See id.* The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. *See id.* at 9.6(6)(I).

The inmate may appeal the disposition of the Level 1 grievance by the Unit Administrator or the Unit Administrator's failure to dispose of the grievance in a timely manner to Level 2. *See id.* at 9.6(6)(G), (I) & (K). The Level 2 appeal of a disposition of a Level 1

grievance must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. *See id.* at 9.6(K). The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner must be filed within sixty-five days from the date the Level 1 grievance was filed by the inmate. *See id.* at 9.6(M).

Level 2 appeals of inmates confined in Connecticut correctional facilities are reviewed by the appropriate District Administrator. *See id.* at 9.6(6)(K). The District Administrator is required to respond to the Level 2 appeal within thirty business days of receipt of the appeal. *See id.*

Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure or level 2 appeals to which there has been an untimely response by the District Administrator. *See id.* at 9.6(6)(L). A Level 3 appeal must be filed within five calendar days from the inmate's receipt of the decision on the Level 2 appeal. *See id.* A Level 3 appeal of the District Administrator's failure to dispose of the Level 2 appeal in a timely manner must be filed within thirty-five days of the filing of the Level 2 appeal. *See id.* at 9.6(6)(M). A Level 3 appeal is reviewed by the Commissioner of Correction or his or her designee with a response provided within thirty business days of receipt of the Level 3 appeal. *See id.* at 9.6(6)(L).

As noted above, the Defendants have submitted evidence that Jumpp did not file any grievances with respect to the claims asserted in this case. Jumpp does not assert otherwise. Rather, Jumpp first asserts that the Defendants should have raised this issue on a motion to dismiss and should therefore not be permitted to raise the issue by way of summary judgment. This is incorrect. On reviewing a motion to dismiss, the court is confined to the facts alleged in the complaint. Where, as here, the Defendants seek to introduce additional facts and rely on

matters outside the pleadings, they must do so in a motion for summary judgment.  *See Boyce v. Erie Cty.*, No. 13-CV0619S, 2014 WL 4923588, at *3 (W.D.N.Y. Sept. 30, 2014) (explaining that court cannot properly consider materials outside the pleadings on a motion to dismiss without converting motion to dismiss into motion for summary judgment) (citing *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985)).

Jumpp next argues that administrative remedies were not available to him because, on September 26, 2019, he was notified that he was on total grievance restriction for six months. Pl.'s Resp., Doc. No. 51, at 4.  Jumpp also states that he could not file grievances because he was transferred on November 19, 2019.  *Id.* at 2.

As discussed above, Jumpp bears the burden of establishing the unavailability of the grievance process.  Directive 9.6(6)(O) provides that the Unit Administrator may determination that an inmate has abused the grievance process.  That determination must be in writing and must indicate the type of restriction applied and the duration.  Jumpp did not submit any documentation notifying him that he was subject to a grievance restriction.  And his unsupported, self-serving statement on an issue which can easily be documented, is insufficient to establish unavailability under *Ross.  See Davidson v. Desai*, 817 F. Supp. 2d 166, 195 (W.D.N.Y. 2011) ("Plaintiff is required to point to some evidence in the record, other than self-serving, conclusory statements to establish his claim."); *see also New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 326 (S.D.N.Y. 2015) ("unsubstantiated and self-serving testimony is insufficient, without more, to defeat summary judgment") (citing cases).

In addition, if Jumpp's claim is true, he would have been unable to file any grievances until March 26, 2020, the end of the alleged six-month period.  However, the defendants have

submitted the affidavit of the grievance coordinator at New Haven Correctional Center stating

that Jumpp filed three grievances at that facility during that time period,  Doc. No. 45-4 ¶ 8, and

have submitted copies of the grievances.[2] Further, there is nothing in the directive that indicates a

grievance restriction is lifted if an inmate is transferred. If Jumpp had been on grievance

restriction, these grievances would not have been accepted.[3]

Finally, Jumpp contends that it would have been futile to file a grievance once he was

transferred because the warden at New Haven Correctional Center could provide him no relief.

Jumpp provides no evidentiary support for this assumption and no evidence that a grievance

relating to events at another correctional facility could not or would not be forwarded to that

facility for consideration.  Nor does the directive indicate that a grievance cannot be filed after an

inmate is transferred.  Indeed, in *Booth v. Churner*, the Supreme Court noted that the inmate had

been transferred, when holding that his claims remained subject to the exhaustion requirement.

532 U.S. at 735.  As Jumpp concedes that he failed to file a grievance and has produced no

evidence to support his claim of unavailability, the defendants' motion for summary judgment is

granted.[4]

------

[2] Copies of the grievances were inadvertently attached to the wrong affidavit.  Doc. No. 46 at 5-10.

[3] In their Reply, the Defendants submit the affidavit of Officer Lyle in which Officer Lyle attests that he looked for and found no record of Jumpp being placed on grievance restriction. As discussed *infra.,* Jumpp challenges the reliability of this affidavit. However, the affidavit only bolsters the conclusion the court has already reached for the reasons stated and is not necessary to the Court's determination.

[4] Jumpp also argues that the requirement that he exhaust his administrative remedies before filing suit is at odds with the applicability of the exception to the three-strikes rule.  If he waited to exhaust his administrative remedies, he might not any longer be subject to imminent harm as required to file his case without prepayment of the filing fee.  One provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), permits a prisoner who has had three or more cases dismissed as frivolous to file a lawsuit without prepayment of the filing fee only if he is in imminent danger of serious physical injury at the time he files the lawsuit.  The provision, however, does not permit the inmate to bypass the exhaustion requirement.  *Morgan v. Baker*, No. 3:08-cv-713(JCH), 2008 WL 2568817, at *2 (D. Conn. June 24, 2008), *motion seeking dismissal of case with prejudice granted*, 2008 WL 4831414 (D. Conn. Nov. 5, 2008).  It would be anomalous indeed for a prisoner subject to the three strikes provision for filing frivolous lawsuits to be given greater access to the federal court than inmates not subject to the provision.

10

**Jumpp's Motions to Strike King Affidavit and for In Camera Review of Lyle Affidavit**

In addition to his various opposition papers, Jumpp has filed a motion to strike defendant King's affidavit and a motion seeking in camera review of the Lyle affidavit to determine its validity.

### Motion to Strike

Motions to strike are governed by Federal Rule of Civil Procedure 12(f) which provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although "Rule 12(f) motion[s are] left to the district court's discretion," they are generally "disfavored and granted only if there is a strong reason to do so." *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 132 (E.D.N.Y. 2015) (citations and internal quotation marks omitted).

Motions to strike under Rule 12(f) "are only appropriately directed to *pleadings*," *Santiago v. Owens-Illinois, Inc.*, No. 3:05-CV-405(JBA), 2006 WL 3098759, at *1 (D. Conn. Oct. 31, 2006) (emphasis in original) (internal quotation marks omitted), which include a complaint, answer, answer to counterclaim, answer to crossclaim, third-party complaint, answer to third-party complaint and, if ordered by the court, a reply to an answer. *See* Fed. R. Civ. P. 7(a). By its plain language, the rule does not apply to an affidavit.

Although not pleadings, some courts have entertained motions to strike declarations which raise valid evidentiary objections to the content. *See, e.g., Mueller v. Towers*, No. 3":0-cv-1093(WWE), 2010 WL 4365771, at *2 (D. Conn. Oct. 25, 2010) (noting that "court may strike portions of a declaration that are not based on the declarant's personal knowledge, that

11

contain inadmissible hearsay or that make generalized conclusory statements" (citing *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999)). A motion to strike is inappropriate, however, as a means of challenging the declarant's credibility or the truthfulness of the content.  *Id.*

Jumpp moves to strike defendant King's affidavit as containing false information.  He noted that the affidavit refers to the underlying incident as occurring on October 12, 2019, rather than October 11, 2019.  As this is not an appropriate reason to strike a portion of the affidavit, Jumpp's motion is denied.  The court further observers that the date of the underlying incident is not a contested issue in the case and has no bearing on the issues decided herein.

### Motion for In Camera Review

Jumpp states that he showed Officer Lyle the affidavit, Doc. No. 55-1, filed in support of the defendants' reply brief and that Officer Lyle did not recall signing the document and indicated that the words in the document were not his own.  Based on this conversation, Jumpp asks the court to conduct an in camera review to determine whether counsel acted inappropriately.  In camera review is used to enable the court to determine whether documents sought in discovery should be protected from disclosure by reason of, for example, the assertion of a privilege.  *United States v. Zolin*, 491 U.S. 554, 570 (1989).  The affidavit to which Jumpp objects is part of the court record.  Thus, the procedures for in camera review are not implicated.  Further, as noted above, the affidavit was not necessary to the Court's determination that Jumpp has failed to establish unavailability or that he was subject to a grievance restriction.

### Conclusion

Defendants' motion for summary judgment [**Doc. No. 45**] is **GRANTED** for the reasons

stated.  Jumpp's motions to strike [**Doc. No. 56**] and for in camera review [**Doc. No. 70**] are

**DENIED**.

The Clerk is directed to enter judgment in favor of the Defendants and close this case.

**SO ORDERED** this 10th day of December 2020 at Bridgeport, Connecticut.

_/s/_____

Kari A. Dooley
United States District Judge

13